[No. 18337. *En Banc.* July 11, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. FRED HELM, *Appellant.*[1]

LARCENY (25)—EVIDENCE—SUFFICIENCY. The larceny of property, sold to the accused, is not shown by an alleged rescission of the sale and subsequent retention and refusal to surrender the property, where it appears that, a year after issuance of the warrant for accused's arrest, the prosecuting witness made claim for the purchase price and treated the transaction as a civil debt.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered January 9, 1923, upon a trial and conviction of larceny. Reversed.

*John E. Porter* and *N. M. Sorenson,* for appellant.
*N. W. Washington,* for respondent.

[1]Reported in 227 Pac. 503.

MACKINTOSH, J.—The appellant was convicted of grand larceny, alleged to have been committed by him as bailee of certain personal property. The evidence shows that this property was sold by the prosecuting witness to the appellant, but it is claimed that the purchase price not having been paid, the sale was later rescinded, and that thereafter the appellant held the property as bailee, and was therefore guilty of larceny in not returning it. The conversation relied on as constituting the rescission is by no means conclusive; but giving it the strongest effect consistent with the prosecuting witness' contention, that effect is entirely destroyed by the fact that, a year after the prosecuting witness had procured a warrant for the appellant's arrest, he made claim on the appellant for the purchase price, and then treated the transaction as a sale, and only upon the inability of the appellant to pay was the ancient warrant served.

The evidence did not sanction the submission of this case to the jury, as it proved nothing more than an effort to collect a civil debt. The judgment is reversed and the case dismissed.

MAIN, C. J., BRIDGES, HOLCOMB, TOLMAN, PARKER, PEMBERTON, and MITCHELL, JJ., concur.